**E-filed 2/23/07**

1 | Mark E. Ellis – 127159
June D. Coleman - 191890
2 | ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP
555 University Avenue, Suite 200
3 | Sacramento, CA  95825
Tel: (916) 283-8820
4 | Fax: (916) 283-8821

5 | Attorneys for Defendant
CYPRESS COLLECTIONS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| MILDRED LEA, AND KIMBERLY ORTEGA, | Civil Case No.: 06-4288 JF |
|---|---|
| Plaintiff, | MOTION FOR ADMISTRATIVE RELIEF TO VACATE REFERRAL TO MEDIATION; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION OF JUNE D. COLEMAN [Local Rule 7-11] |
| v. | |
| CYPRESS COLLECTIONS, CYPRESS HEALTHCARE PARTNERS, LLC, and DOES DEFENDANTS 1-10, inclusive, | |
| Defendants. | |

### MOTION FOR ADMINISTRATIVE RELIEF/SUMMARY OF ARGUMENT

Pursuant to N.D. Cal. Civil Local Rules 7-11, 16-2(d)(4) and 16-10(6), Defendant Cypress Collections ("Cypress Collections") respectfully applies to this Court for an order vacating its referral of this action to mediation. Good cause exists to grant the administrative relief requested. During the initial December 15, 2006 case management conference, this Court referred this action to mediation. (See Docket No. 24.) Consequently, the parties, are required to complete mediation not later than March 15, 2007, *i.e.*, 90 days following the referral. (N.D. Cal. ADR L.R. 6-4(b).) However, on January 4, 2007, Plaintiffs Mildred Lea and Kimberly Ortega ("Plaintiffs") accepted Cypress Collections' FRCP Rule 68 Offer of Judgment. (Docket No. 25.)  Subsequently, on January 16, 2007, this Court entered Judgment against Cypress Collections and in favor of Plaintiffs, including an award of attorneys' fees and costs to be determined by this Court. (Docket No. 30.) Included in said Judgment was language which specified that "[u]nless the parties otherwise resolve this matter, Plaintiffs shall file a motion for attorney's fees and costs." (***Id.***) Thus, mediation appears to be unnecessary.

Further, on January 30, 2007, Plaintiffs filed and served their anticipated motion for attorneys' fees and costs which seeks an award of $10,000.00, fees and costs inclusive. (Docket Nos. 31-37.) The hearing on Plaintiffs' motion is set for March 30, 2007. (*Id.*) Again, since this single, solitary issue can be addressed through the motion that is already filed, mediation appears to be overkill.

If the parties are also required to mediate this limited issue (Plaintiffs position), then the amount of attorneys' fees associated therewith will unnecessarily be duplicated. This would obviously occur to the prejudice and detriment of Cypress Collections, since Cypress Collections believes that plaintiffs' counsel will seek to be awarded the attorneys' fees and costs which Plaintiffs will incur in connection with the mediation. Moreover, Cypress Collections' representative, who is located in Monterey, California, and its insurance carrier, who is located in Minnesota, would be required to travel to personally attend the mediation *in addition to* defense counsel, who is located in Sacramento, California. Requiring mediation in these circumstances makes little sense since Plaintiffs have already filed their motion for attorneys' fees and costs. In the interests of judicial economy, it is better to litigate the issue of attorneys' fees by way of Plaintiffs' motion, which will at best award $10,000 in fees, rather than litigate *and* mediate the issue.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.    STATEMENT OF FACTS**

On July 13, 2006, Plaintiffs filed this lawsuit for violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, and California's Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, *et seq.* (Complaint, Docket No. 1.) On August 22, 2006, Cypress Collections answered Plaintiffs' Complaint. (Answer, Docket No. 6.)

On December 15, 2006, the parties attended the initial CMC herein. (Docket No. 24.) During said CMC, this Court, among other things, referred this matter to mediation. (*Id.*) Consequently, the parties are required to mediate this matter not later than 90 days following the referral, *i.e.,* by March 15, 2007. (N.D. Cal. ADR L.R. 6-4(b).)

On December 19, 2006, Cypress Collections, pursuant to Federal Rule of Civil Procedure 68, served on Plaintiffs an Offer of Judgment ("Rule 68 Offer"), including an award of reasonable attorneys' fees to be determined by this Court. (See Docket No. 25.) On January 4, 2007, Plaintiffs

- 2 -
MOTION FOR ADMISTRATIVE RELIEF TO VACATE REFERRAL TO MEDIATION [Local Rule 7-11]

accepted Cypress Collections' Rule 68 Offer by filing with this Court a written Notice of Acceptance of Offer of Judgment. (***Id.***)

After accepting the Rule 68 offer, Plaintiffs' counsel recommended that the parties mediate the issue of attorneys' fees. (Decl. Coleman, ¶ 2.) Cypress Collections' counsel, on the other hand, disagreed, explaining that this is a simple legal action in which virtually no activity had occurred – no discovery, no law and motion work, etc. (***Id.***) Thus, mediation would merely increase, unnecessarily, the attorneys' fees which Plaintiffs would ultimately request this Court to award them. (***Id.***)

On January 12, 2007, this Court entered Judgment against Cypress Collections and in favor of Plaintiffs, including an award of attorneys' fees and costs to be determined by this Court. (Docket No. 30.) Included in said Judgment was language which specified that "[u]nless the parties otherwise resolve this matter, Plaintiffs shall file a motion for attorney's fees and costs." (***Id.***)

On January 30, 2007, Plaintiffs filed and served their anticipated motion for attorneys' fees and costs seeking an award of $10,000.00, fees and costs inclusive, which amount Cyprus Collections disputes. (See Docket # 31-37.) The hearing on Plaintiffs' motion for an award of costs and attorneys' fees is set for March 30, 2007. (***Id.***)

Plaintiffs' position is that notwithstanding the judgment and the procedural status of this case, the parties remain obligated to mediate this matter not later than March 15, 2007. (Decl. Coleman, ¶ 2.) If Cypress Collections is required to mediate the issue of reasonable attorneys' fees, then it will incur unnecessary and extraordinary fees and costs in preparing for and attending the mediation, which costs will include Cypress Collections traveling from Monterey; its carrier traveling from Minnesota, and defense counsel traveling from Sacramento. These costs will be increased geometrically because plaintiffs will seek for Cypress Collections to be held liable for the fees and costs which Plaintiffs will incur in preparing for and attending the mediation. Meanwhile, Plaintiffs' motion for attorneys' fees and costs will remain on this Court's calendar and will likely have been opposed by the time mediation occurs.

## II.   LEGAL ARGUMENT

N.D. Cal. Civil L.R. 7-11 ("Motion for Administrative Relief") provides that "[t]he Court recognizes that during the course of case proceedings a party may require a Court order with respect to

- 3 -
MOTION FOR ADMISTATIVE RELIEF TO VACATE REFERRAL TO MEDIATION [Local Rule 7-11]

miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge." N.D. Cal. Civil L.R.16-2(d) ("Relief from Case Management Schedule") provides that "[b]y serving and filing a motion with the assigned judge pursuant to Civil L.R. 7, a party … may seek relief from an obligation imposed by FRCivP 16 or 26 or the Order Setting Initial Case Management Conference." N.D. Cal. Civil L.R. 16-10(b) ("Case Management Conference") contemplates that an ADR referral is not always appropriate: "After a Case Management Conference, the Judge will enter a Case Management Order…[which will]…refer the case to ADR *unless such a referral would be inappropriate.*"

From a review of the docket, this Court can see that this is a case with a minimum of legal work. A complaint was filed and an answer was filed. A case management conference statement was filed, and the parties attended a case management conference. Cypress Collections made a Rule 68 offer, which was accepted. And there was no discovery conducted. Again, this is a case with no motions and really, no legal work.

According to plaintiffs, notwithstanding the judgment entered in this case, the parties remain obligated to mediate this matter. Consequently, Cypress Collections will be unnecessarily forced to incur extraordinary costs in preparing for and attending the mediation. That includes travel costs for Cypress Collections' carrier to travel from Minnesota to attend the mediation as well. Moreover, Cypress Collections will theoretically be held liable for the fees and costs which Plaintiffs will incur in preparing for and attending the mediation. This mediation will probably cost Cypress Collections more than the rest of the case did!

Meanwhile, Plaintiffs' motion for attorneys' fees and costs will remain on this Court's calendar and will likely have been opposed by the time mediation occurs. Since there is no risk to plaintiff and her attorneys to attend mediation, because Cypress Collections will ultimately be held liable for the fees Plaintiffs incur, Plaintiffs have no incentive to agree to vacate the referral to mediation. Indeed, it is in Plaintiffs' counsels' best interest to insist upon mediation to increase their fees! And in that regard, it is hard to understand why plaintiffs, who have no real stake in the attorneys' fees at issue, would insist that the issue be mediated, requiring their attendance at the mediation.

Given that (1) the fee motion has been already briefed (and the opposition will probably be briefed before the mediation), (2) this case has generated no real legal work, and (3) the cost of the mediation will be more than the cost of the case for Cypress Collections, Cypress Collections requests that this Court vacate its referral to mediation. Simply put, in light of all of the costs involved in the mediation, the interests of justice are better served litigating the issue of attorneys' fees by way of Plaintiffs' pending motion rather than litigating *and* mediating the issue.

### III.  CONCLUSION

For the foregoing reasons, this Court should grant Cypress Collections' instant administrative motion and issue an order which vacates its referral of this action to mediation.

Dated: February 8, 2007           ELLIS, COLEMAN, POIRIER, LAVOIE & STEINHEIMER LLP

By  /s June D. Coleman
     June D. Coleman
     Attorneys for Defendant
     CYPRESS COLLECTIONS

### DECLARATION OF JUNE D. COLEMAN

I, June D. Coleman, declare:

1. I am an attorney duly licensed to practice in all courts of the State of California, and am a shareholder with the law firm of Ellis, Coleman, Poirier, LaVoie & Steinheimer, attorneys of record for Defendant CYPRESS COLLECTIONS. I have personal knowledge of the information set forth herein below, unless noted as based on information and belief, all of which is true and correct of my own personal knowledge, and if called upon to testify, I could and would competently testify thereto.

2. On January 5, 2007, after Plaintiffs Mildred Lea and Kimberly Ortega accepted Cypress Collection's FRCP Rule 68 Offer of Judgment, and on which date this Court appointed Phillip B. Bass to act as mediator in this action, I received an e-mail from O. Randolph Bragg, who is co-counsel for Plaintiffs. In that e-mail, Mr. Bragg recommended that the parties mediate the issue of attorneys' fees, the reasonable amount of which Plaintiffs are entitled to recover pursuant to the judgment in this action. On that same date, I disagreed via e-mail with Mr. Bragg's recommendation since from

1. Cypress Collections' perspective, this is a simple legal action in which virtually no activity had
2. occurred – no discovery, no law and motion work, etc., as indicated by this Court's docket. Instead,
3. the only activity in this case was the filing of Plaintiffs' complaint and Defendants' answer, the parties'
4. attendance at a case management conference and two telephonic meetings with this Court's ADR
5. Department. Thus, I indicated to Mr. Bragg that mediation would merely increase, unnecessarily, the
6. attorneys' fees which Plaintiffs would ultimately request this Court to award them. On January 11,
7. 2007, I spoke with Mr. Balam Letona, one of plaintiffs' counsel, and Ms. Robyn Siefkin, from the
8. ADR Program, regarding this case and indicated my desire to vacate the referral to mediation. Mr.
9. Letona disagreed with this position and would not stipulate to vacate the referral. By e-mail that same
10. day, Mr. Letona commented that plaintiffs' counsel are entitled to be reimbursed for the fees incurred
11. in participating in mediation.
12.     I declare under the penalty of perjury under the laws of the state of California that the foregoing
13. is true and correct and that this declaration was executed in the city and county of Sacramento on
14. February 8, 2007.

/s – June D. Coleman
June D. Coleman

2/23/07  IT IS SO ORDERED.

JUDGE JEREMY FOGEL
US DISTRICT COURT