\*\*E-Filed 4/2/2007\*\*

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MILDRED LEA, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CYPRESS COLLECTIONS, et al.,<br><br>　　　　Defendants. | Case Number C 06-4288 JF<br><br>ORDER[1] AWARDING ATTORNEYS'S FEES AND COSTS<br><br>[re: docket no. 38] |

## I. BACKGROUND

Plaintiffs Mildred Lea and Kimberly Ortega filed the instant action on July 13, 2006, asserting claims for violation of (1) the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; and (2) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq. Defendant Cypress Collections ("Cypress") answered the complaint on August 22, 2006. On January 4, 2007, prior to the filing of any dispositive motions, Plaintiffs accepted Cypress' offer of judgement for a total sum of $4,000.00. The judgment provided that Defendants would pay attorneys's fees and costs in an amount to be determined by the Court.

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 06-4288 JF
ORDER AWARDING ATTORNEYS'S FEES AND COSTS
(JFLC1)

Plaintiffs moved for attorneys's fees of $10,000.00 on January 30, 2007.[2]  Cypress opposes the motion.  The Court heard oral argument on March 30, 2007.

## II.  DISCUSSION

Three lawyers worked on this matter on behalf of Plaintiffs.  Using the lodestar method, Plaintiffs calculate fees and costs as follows:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| B.O. Letona | 15.7 | $250.00 | $3,925.00 |
| R. Wilcox | 16.7 | $300.00 | $5,010.00 |
| O.R. Bragg | 12.7 | $465.00 | $5,905.50 |
| Costs | | | $688.00 |
| Total | 45.1 | | $15,528.50 |

In an effort to resolve any debate over fees and to "avoid arguments over duplication of efforts," Plaintiffs proposed an award of $10,000.00 for all costs and attorneys's fees.  Motion 13.

Defendant objects to the proposed award on the basis that the Plaintiffs's attorneys required an unduly high number of hours to resolve this simple litigation, that the hourly rates are too high, and that Plaintiffs seek inappropriate costs.  Having considered the nature of the case and the work performed by Plaintiffs's attorneys, the Court concludes that Defendant's objections are well taken and will grant a lower award of fees and costs than that sought by Plaintiffs.

The instant action was a relatively simple FDCPA case.  The parties disputed the interest rate charged by Cypress, but this dispute was not subject to any briefing or argument before this Court.  The motion practice in this case has been limited to an application for *pro hac vice* status, the deferral of various deadlines and mediation dates, and the instant motion for fees and costs.  No dispositive motion practice occurred in the case.  The complaint included class allegations, but the judgment was limited to the satisfaction of the two Plaintiffs's individual claims.  In light of the relative simplicity of the case, the Court agrees with Plaintiffs's tacit admission that

---

[2] On February 23, 2007, the Court vacated the referral of this case to mediation.

duplication of effort occurred. Plaintiffs have reduced the overall fee sought by approximately one third. Having reviewed the papers filed by the parties and the supporting declarations, the Court concludes that such a reduction in the number of hours of work performed by Plaintiffs's counsel is appropriate. Accordingly, the Court will calculate the appropriate attorneys's fees using thirty, not forty-five, as the number of hours worked.

The Court concludes that $250.00 is the appropriate hourly rate in this action. The Court reaches this conclusion on the basis that the action was simple and did not require sophisticated knowledge of the FDCPA. *See e.g. Finkelstein v. Bergna*, 804 F.Supp. 1235, 1243 (N.D.Cal. 1992) (explaining that the appropriate hourly rate is related to the complexity of the case). This amount is appropriate in light of other decisions within this district and prevailing rates in the marketplace. *See e.g.* Order Granting Plaintiff's Motion for Default Judgment, Case No. C 05-0766 JW (N.D.Cal., Nov. 8, 2005) (awarding $210.51 hourly rate in FDCPA action); Declaration of Scott Maurer (detailing a series of awards, primarily between $250-$300/hour).

The Court concludes that it should award a further $478.00 in costs. This amount is equal to the $350.00 filing fee and $128.00 in costs of service.[3] The Court declines to award Plaintiffs the $210.00 fee for O.R. Bragg's *pro hac vice* application. The billing statements submitted to the Court indicate that a large amount of the duplication suffered in this lawsuit was duplication of effort by Attorneys Bragg and Wilcox. The declarations provided by Plaintiffs provide very little detail regarding the value that Bragg added to the Plaintiffs's legal team and a tension exists between Wilcox's declared expertise in this area of law and his asserted need to consult with an out-of-state attorney on a simple case. Finally, insufficient evidence exists explaining the necessity of a three-attorney team for a case that never required the argument of a dispositive motion.

---

[3] Cypress argues that the service cost is unnecessarily high and that Plaintiffs provide no admissible evidence of the appropriate amount. However, Balám O. Letona declares that he expended the contested amount to serve the complaint. Declaration of Balám O. Letona ¶ 9. This declaration provides a sufficient basis for an award of costs.

### III.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that Plaintiffs be awarded $7,978.00 for attorneys's fees and costs.


DATED: April 2, 2007.

                                                                       _____
                                                                       JEREMY FOGEL
                                                                       United States District Judge

1 | This Order has been served upon the following persons:

2 | O. Randolph Bragg         rand@horwitzlaw.com, shannon@horwitzlaw.com

3 | June D. Coleman           jcoleman@ecplslaw.com, fwilson@ecplslaw.com

4 | Mark E. Ellis             restrella@ecplslaw.com, npruitt@ecplslaw.com

5 | Balam Osberto Letona      letonalaw@gmail.com

6 | Ronald Wilcox             ronaldwilcox@post.harvard.edu